## CONNECTICUT INSURANCE AGENCY
### vs.
## WESTMINSTER SCHOOL, ET AL.

Superior Court      New Haven County          File #50551

Present:  Hon. ERNEST A. INGLIS, Judge.

Bernard Greenberg,              Attorney for the Plaintiff.

Gross, Hyde & Williams;
Lawrence A. Howard,             Attorneys for the Defendant.

## MEMORANDUM FILED JULY 3, 1937.

INGLIS, J. This is an action to recover damages for a claimed breach of contract by the defendant, The Westminster School Corporation, in which it is alleged that all of the assets of that corporation were taken over by the defendant The Trustees of Westminster School, Inc., for no consideration except the assumption of debts.

The plea to the jurisdiction filed by the defendant, The Westminster School Corporation, alleges in essence that the corporation is in bankruptcy under **Section 77B of the Bankruptcy Act**, that Lawrence A. Howard was appointed and still is the Trustee, that he, rather than the corporation, transferred the assets of the corporation to the other defendant and that this plaintiff did not obtain leave of the bankruptcy court to institute this proceeding.

Although under the Bankrupt Act **(U. S. C. A. Title 11, Sec. 29 and Title 11, Sec. 207 (10) )** suits against a bankrupt may under certain conditions be stayed or enjoined by the Federal Court or the Court in which the action is pending, nevertheless it is well established that unless the Federal Court takes such action the pendency of the bankruptcy does not in

itself prevent the commencement of an action against the bankrupt.

**7 C. J. 349 (Bankruptcy Sec. 615).**

**U. S. C. A. Title 11, Sec. 29 (note).**

It is not alleged that the Federal Court has enjoined this action.

This suit does not in any way affect the title to or the right to possession of any of the assets of the bankrupt. If it involves the title to property at all it is to the property of The Trustees of Westminster School, Inc., which corporation is not in bankruptcy.

It is not a suit against the trustee in bankruptcy and therefore it was not necessary to procure the consent of the Federal Court to its institution.

If, as contended by the defendant, the purpose of the action is to override a decree of the Federal Court that is a matter of defense. That is to say, if a judgment or order of the Federal Court protects the defendants that judgment or order if valid will be a good defense in this action. That such a question is involved, however, does not oust this court of jurisdiction.

For the foregoing reasons the demurrer to the plea to the jurisdiction is sustained on all grounds stated.